IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
APR 1 3 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| LLOYD S. MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, LEROY KIRKEGARD, TOM WILSON, LINDA JESS, TRISTAN KOHUT, JENNIE SMITH, GABRIEL NORTON, SGT. FETTERS, MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | Cause No.  CV 12-00028-H-DLC-RKS<br><br>ORDER |

Pending are Plaintiff Lloyd Maier's Motion to Proceed in Forma Pauperis (Doc. No. 1), proposed Complaint (Doc. No. 2), and "Motion for T.R.O." (Doc. No. 5). This Court will only consider the motion to proceed in forma pauperis and "Motion for T.R.O." Magistrate Judge Strong will handle all further pretrial matters.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Maier submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Maier is required to pay the statutory filing fee of $350.00. Mr. Maier submitted an account statement showing average monthly deposits of $393.83 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $78.77 will be assessed by this Order. See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the Montana State Prison to collect the initial partial filing fee from Mr. Maier's account and forward it to the Clerk of Court.

Thereafter, Mr. Maier will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Maier's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Maier to forward payments from Mr. Maier's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

Mr. Maier has filed a one-page "Motion for T.R.O." (Doc. No. 5) which has been construed as a motion for a temporary restraining order. The motion explains that for the last two weeks, every time Gabriel Norton (a named Defendant) works

in Mr. Maier's housing unit, he makes "vague threats" such as "That's right white boy" and "My time is coming." Mr. Maier has construed these as threats against his person and asks the Court to help him.

Mr. Maier has not complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction may only be issued on notice to the adverse party. Fed.R.Civ.P. 65(a)(1). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Mr. Maier has not satisfied either requirement.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural

Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (9th Cir. 2009)).

In addition, the Prison Litigation Reform Act requires that,

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . .

18 U.S.C. § 3626(a)(2).

Mr. Maier has made no showing that he is likely to succeed on the merits of his claims and his allegations of harm to his person are speculative at best. The motion will be denied.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Maier's Motion to Proceed in forma pauperis is granted. The Clerk shall file the Complaint without prepayment of the filing fee. An initial partial filing fee of $78.77 will be assessed.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is DEEMED FILED on March 26, 2012.

3. Mr. Maier's Motion for a Temporary Restraining Order is denied.

4. At all times during the pendency of this action, Mr. Maier SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Maier has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 12th day of April, 2012.

Dana L. Christensen, District Judge
United States District Court