
FILED
JUN 0 5 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| LLOYD S. MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, LEROY KIRKEGARD, TOM WILSON, LINDA JESS, TRISTAN KOHUT, JENNIE SMITH, GABRIEL NORTON, SGT. FETTERS, MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | Cause No. CV 12-00028-H-DLC-RKS<br><br>ORDER |

Pending is Plaintiff Lloyd Maier's "Order to Cause for a Temporary Restraining Order." (Doc. No. 8). The document and supporting brief are Maier's second motion for a temporary restraining order. Maier's first motion for a temporary restraining order was denied April 10, 2012. (Doc. No. 6). The pending motion has been construed as a motion for reconsideration pursuant to Local Rule 7.3 and as such, will be denied.

Pursuant to Local Rule 7.3(b), a motion for leave to file a motion for reconsideration must meet at least one of the following two criteria:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and
> (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
>
> (2) new material facts emerged or a change of law occurred after entry of the order.

Maier makes the same arguments raised in his first motion, that Defendant Norton is subjecting him to verbal and physical threats and as such, he believes he is in substantial risk of an assault. (Doc. Nos. 8, 9). None of his arguments are new, nor is there any reason why Maier could not have raised these issues in his prior motion for a temporary restraining order. Maier simply has not established that the prior denial of the motion for temporary restraining order was inappropriate.

Allegations of mere threats are not cognizable under § 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Thus, there is no reason to

reconsider the prior order.

Based on the foregoing, the Court issues the following:

## ORDER

1. Maier's Second Motion for Temporary Restraining Order (Doc. No. 8) is denied.

2. At all times during the pendency of this action, Maier SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Maier has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 5th day of June, 2012.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court