# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| LLOYD SCOTT MAIER, <br><br> Plaintiff, <br><br> vs. <br><br> GABRIEL NORTON, LINDA JESS, JENNIE SMITH, SGT. FETTERS, WARDEN KIRKEGARD, MONTANA DEPARTMENT OF CORRECTIONS, and MIKE FERRITER, <br><br> Defendants. | Cause No. CV 12-00028-H-DLC-RKS <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS AMENDED COMPLAINT |

## I. SYNOPSIS

Plaintiff Lloyd Scott Maier lodged an Amended Complaint alleging that he was discriminated against because of a disability, and faced retaliation for filing a grievance. Amended Complaint, C.D. 13. The Amended Complaint does not sufficiently allege that any discipline to which he was subjected bore a relationship to his disability or his grievance. The Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed. Mr. Maier's Motion to Amend seeks to join new defendants based on unrelated incidents at a different facility. C.D. 14. It is denied.

1

## II. JURISDICTION

Mr. Maier filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, United States District Court Judge, and referred to this court in compliance with Local Rule 73.1(a)(1).

## III. STATUS

Mr. Maier previously lodged a Complaint alleging religious discrimination, denial of medical care, and harassment. C.D. 2. Those allegations failed to state a claim. C.D. 12. The Complaint also included who were immune from judgment under the 11th Amendment of the United State Constitution: Linda Jess, Jennie Smith, and the Montana Department of Corrections. C.D. 12. An Order indicated the religious discrimination, medical care, and harassment allegations would be recommended for dismissal in a subsequent Order, along with all claims against the immune defendants. C.D. 12. Mr. Maier was granted leave to amend his Complaint to support his claims of Retaliation and Violation of the Americans With Disabilities Act with additional factual allegations against the remaining

defendants. C.D. 12. He filed an Amended Complaint. C.D. 13. Later, Mr. Maier filed a "Notice of Supplemental Authority," seeking to name additional defendants. C.D. 14. That document is construed as a Motion for Leave to Amend his Complaint. The Amended Complaint is now ripe for pre-service review, and the Motion for Leave to Amend is ripe for consideration.

## IV. STANDARDS

### A. Pre-service review

Mr. Maier is a prisoner proceeding in forma pauperis. C.D. 2. His Complaint must be reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

### B. Stating a claim

A Complaint fails to state a claim on which relief can be granted if it does not allege sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Plausibility is less than probability, but requires "more than a sheer possibility that

a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**C. Leave to amend**

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court may dismiss a complaint without granting leave to amend where a plaintiff's proposed amendments would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). Leave to amend need not be given if a complaint, as amended, would be subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987). "Unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir.1995).

**D. Retaliation**

Within the prison context, a First Amendment retaliation claim entails five

4

elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### E. Americans With Disabilities Act

To state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements: 1) he is an individual with a disability; 2) he is otherwise qualified to participate or receive the benefit of some public entity's services, programs, or activities; 3) he was either excluded from participation in or denied the benefits of the public entity's services . . . or was otherwise discriminated against by the public entity; and 4) such exclusion, denial . . . or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)(internal quotations and citations omitted); see also Townsend v. Quasim, 328 F.3d 511, 516 (9th Cir. 2003); Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

To establish a disability covered by the ADA, a plaintiff must demonstrate: (1) a physical or mental impairment; (2) which limits a major life activity; (3) the limitation upon that activity is substantial; and (4) there is a record of such

impairment or one is regarded of having such an impairment. 42 U.S.C. § 12102(1). A person whose impairment "is corrected by a mitigating measure still has an impairment, but if the impairment is corrected it does not 'substantially limit' a major life activity." Sutton v. United Air Lines, Inc., 527 U.S. 471, 483 (1999).

## V. FACTS

For purposes of this review, the non-conclusory allegations from Mr. Maier's Complaint, set forth below, are taken as true.

Mr. Maier is currently incarcerated at Crossroads Correctional Center in Shelby, Montana. At all times relevant to his Amended Complaint, he was incarcerated at the Montana State Prison in Deer Lodge, Montana.

On March 2, 2012, Mr. Maier and another inmate were sitting in the dayroom with their legs up on a table. Officer Gabriel Norton said something to them as he was walking by, but neither inmate heard what was said. Officer Norton then opened the door to the cell block and instructed Mr. Maier and the other inmate to get their feet off the table. They complied.

About ten minutes later, Officer Norton came into the cell block and confronted Mr. Maier and the other inmate, angry that they had not complied more promptly with his order to move their feet. Officer Norton told the inmates that

6

"Disrespecting me could be fatal." Officer Norton said he had been ordered to confront the inmates by Sgt. Fetters and the shift commander.

Mr. Maier was later placed in "in the hole"[1] for four days and given a disciplinary write-up for refusing to immediately obey an order and for insolence. C.D. 13, p. 6. He was found not guilty of disobeying an order and guilty of insolence. The other inmate whose legs were on the table was not locked up. After the four-day period in "the hole," Mr. Maier was told he "better not file any more grievances." C.D. 13, p. 7. The Amended Complaint does not allege who made this statement.

In settlement of a prior ADA claim against the prison, Mr. Maier alleges he was promised use of a laptop in disciplinary hearings. C.D. 13, p. 7. At his disciplinary hearing, however, Mr. Maier asked for a laptop but was not given one. He contends that during the hearing "they" were making racial jokes but that he did not hear everything that was said. C.D. 13, pp. 6-7.

Mr. Maier contends he was discriminated against because of his hearing disability. He states Officer Norton knew his hearing was bad and ignored the

---

[1] Presumably Mr. Maier is alleging he was placed in disciplinary segregation. See James E. Robertson, The Decline of Negative Implication Jurisprudence: Procedural Fairness in Prison Discipline After Sandin v. Conner, 32 Tulsa L.J. 39, 56 (1996) ("The 'hole' is prison slang for disciplinary segregation.").

rules because his supervisors wanted him in the "hole" to punish him for seeking medical treatment. C.D. 13, p. 8.

## VI. ANALYSIS

### A. Retaliation

Mr. Maier has still failed to state a claim for retaliation based upon filing a medical grievance. There is absolutely no indication that Officer Norton or Sgt. Fetters knew of Mr. Maier's medical grievance, much less that Officer Norton's order for Mr. Maier to remove his feet from the table and subsequent disciplinary write-up because of that medical grievance. While Mr. Maier contends that he was told upon release from disciplinary confinement that he better not file any more grievances, he does not connect this statement to any defendant, despite being advised to tie his allegations to specific defendants in the Order Permitting Plaintiff An Opportunity To File An Amended Complaint. C.D. 12. Mr. Maier's allegations that his exercise of his First Amendment rights was a substantial or motivating factor behind Officer Norton's allegedly retaliatory actions is not plausible. His well-pleaded allegations do not satisfy the essential elements of a retaliation claim, and therefore fail to state a claim on which relief can be granted. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982).

### B. Americans with Disabilities Act

Mr. Maier alleges that he was disciplined because of his hearing impairment and was not provided an interpreter or laptop computer at his disciplinary hearing. C.D. 13. He contends that these acts and omissions constitute violations of the ADA and the Rehabilitation Act. C.D. 13.

Mr. Maier has not adequately alleged that he has a disability covered by the ADA. While Mr. Maier has a hearing impairment, he uses a hearing aid. Presumably the hearing aid mitigates or corrects his hearing impairment, so that the impairment does not "limit a major life activity." Sutton, 527 U.S. at 483.

Even if Mr. Maier did have a disability covered by the ADA, he does not adequately allege discrimination based on that disability. Officer Norton ordered another inmate – who was not hearing impaired – to remove his feet from the table. C.D. 13. This belies Mr. Maier's claim that he was targeted because of his disability. While Mr. Maier asserts that he was singled out for punishment, his allegation that the disparate treatment was based on his disability is a mere conclusion, unsupported by specific factual allegations. Indeed, Mr. Maier asserts that his punishment was a demonstration of authority because Mr. Maier had previously filed a medical grievance. C.D. 13, p. 8. In regard to the disciplinary hearing, Mr. Maier alleges only that he was unable hear "everything that was said." C.D. 13, p. 6. He does not allege that he was unable understand or

9

participate in the hearing. Nor does Mr. Maier allege that he was treated differently in the hearing because of his hearing impairment. Mr. Maier has not adequately alleged that he was subjected to discipline "by reason of his disability," which is an essential element of an ADA claim. McGary, 386 F.3d at 1265. Mr. Maier's Amended Complaint therefore does not state a claim under the ADA. Ivey, 673 F.2d at 268.

### C. Motion to Amend

On August 16, 2012, Mr. Maier filed a "Notice of Supplemental Authority." C.D. 14. This filing can only be construed as a Motion for Leave to file an amendment. It is denied.

Rule 20(a)(2) of the Federal Rules of Civil Procedure imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914 (9th Cir. 1977).

Mr. Maier seeks to add additional defendants from a different institution than those named in the original complaints. The proposed additional allegations also involve claims of retaliation, but concern distinct conduct at a separate facility.

Because the proposed additions do not arise from the same transaction or occurrence, or series of transactions or occurrences, as those in the Amended Complaint, Fed. R. Civ. P. 20 does not permit joinder of parties. Therefore leave to amend is futile. Cervantes, 656 F.3d at 1041.

## VI. CONCLUSION

Mr. Maier's allegations fail to state a claim upon which relief may be granted as set forth above and in the Order dated June 20, 2012. Mr. Maier was given an opportunity to correct these defects and he provided insufficient facts to establish a constitutional violation. Therefore, these defects could not be cured by further amendments and the case should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. Maier failed to state a claim upon which relief may be granted.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the

district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Maier's Complaints fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this

matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Maier SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Maier has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED**:

Mr. Maier's Motion to Amend C.D. 14 is denied.

It is **RECOMMENDED:**

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Maier's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Maier's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Maier may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Maier files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection

is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Maier from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of October, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge