
FILED

DEC 20 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LLOYD SCOTT MAIER, | ) | CV 12-28-H-DLC-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GABRIEL NORTON, LINDA JESS, | ) | |
| JENNIE SMITH, SGT. FETTERS, | ) | |
| WARDEN KIRKEGARD, | ) | |
| MONTANA DEPARTMENT OF | ) | |
| CORRECTIONS, and MIKE | ) | |
| FERRITER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Lloyd Maier filed an amended complaint alleging Defendants discriminated against him due to his disability and retaliated against him for filing a grievance. (Doc. 13.) United States Magistrate Judge Keith Strong issued Findings and Recommendations on October 30, 2012, finding Plaintiff's allegations fail to state a claim and should be dismissed. (Doc. 15.) Plaintiff

1

timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Many of Plaintiff's objections simply restate facts that were alleged in his amended complaint. As there is no apparent factual or legal basis for these objections, they will not be addressed.

Plaintiff asserts Judge Strong erred by finding that he was guilty of insolence and not guilty of disobeying an order. He states "I was found guilt of insullans [sic] and not guilty of disobeying of direct order." (Doc. 16 at 1.) Judge Strong stated exactly that in the fact section of his Findings and Recommendations (doc. 15 at 7), so this objection is groundless.

Plaintiff next responds to Judge Strong's finding that he failed to connect his retaliation allegations to a specific Defendant by stating that "Sgt. Bill Miller informed me after I got out of the hole that I better not file any more medical grievances on Jeannie Smith or Linda Jess, or they will send Norton after me." (Doc. 16 at 2.) Plaintiff was specifically told in the order permitting him to amend

2

his complaint that he must tie his allegations to specific defendants. He failed to do so regarding this aspect of his retaliation claim, so Judge Strong recommended dismissal. Plaintiff now alleges Sgt. Miller made this statement. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir.2000). However, "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622. Although Plaintiff was already given the opportunity to attach his allegations to specific Defendants, the Court will consider his new allegation that Sgt. Bill Miller told him not to file further medical grievances because of Plaintiff's pro se status.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005).

Even considering Plaintiff's additional allegation against Sgt. Miller, he

does not state a claim for retaliation. Plaintiff was found guilty of insolence after a hearing and punished with four days of disciplinary segregation. His conclusory allegation that Officer Norton's wife is friends with Defendant Linda Jess does not suffice. Plaintiff still fails to connect Officer Norton's order to remove his feet from the table and subsequent disciplinary action to his filing of medical grievances. Plaintiff also fails to establish that any Defendants' action chilled his exercise of his First Amendment rights. He alleges that after Sgt. Miller told him not to file further grievances, he filed a grievance against Officer Norton. (Doc. 16 at 2.) Plaintiff's allegations fail to state a retaliation claim and will be dismissed.

Plaintiff provides another new allegation in his objection that "the people" at the Shelby prison have refused to give him a battery for his hearing aid for five months. Again, Plaintiff does not connect this allegation to any Defendant, so it cannot be considered. Further, as Judge Strong determined, even if Plaintiff did have a disability covered by the Americans with Disabilities Act (ADA) he still would not state a claim under the ADA. Officer Norton ordered another prisoner without difficulty hearing to remove his feet from the table, casting doubt on Plaintiff's allegation that he was targeted because of his disability. Plaintiff does not allege that he was unable to understand the disciplinary hearing proceedings

4

due to his disability, nor does he allege he was treated differently because of his disability. Judge Strong correctly concluded that Plaintiff fails to state an ADA claim.

There being no clear error in Judge Strong's remaining findings and recommendations,

IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 15) are ADOPTED in full.

2. Plaintiff's Amended Complaint (doc. 13) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

5. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim and his claims are frivolous.

Dated this 20th day of December, 2012.

Dana L. Christensen, District Judge
United States District Court